# EXHIBIT "B"

Electronically Filed
5/19/2022 12:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1860-22-B

CAUSE NO. _____

| | | |
|---|---|---|
| MERLI PALACIOS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| LOWE'S HOME CENTER, LLC | § | |
| *Defendant.* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MERLI PALACIOS (hereafter referred to as "Plaintiff") in the above-styled and numbered cause complaining of LOWE'S HOME CENTER, LLC (hereafter referred to as "Defendant") and files this her Plaintiff's Original Petition. In support thereof Plaintiff respectfully shows the Court and Jury as follows:

I.

### DISCOVERY CONTROL PLAN LEVEL

1.01   Plaintiff intends that discovery be conducted under Level 3 as set forth in Rule 190.4 of the Texas Rules of Civil Procedure.

II.

### CLAIM FOR RELIEF

2.01   Pursuant to Rule 47 of the Texas Rules of Civil Procedures, Plaintiff is seeking monetary relief of more than $1,000,000 and a demand for judgment for all other relief to which Plaintiff deems herself entitled.

DATE 6/30/2022
A True copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#1

Plaintiff's Original Petition                                                                                                     1

Electronically Filed
5/19/2022 12:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1860-22-B

## III.

## PARTIES AND SERVICE

3.01    Plaintiff MERLI PALACIOS is an individual who resides in Hidalgo County, Texas.

3.02    Defendant LOWE'S HOME CENTER, LLC is a corporation authorized to engage in business in the State of Texas, operates a shopping business throughout the State of Texas, including, but not limited to Hidalgo County, Texas, and may be served with process by serving its registered agent, Corporation Service Company D/B/A CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.

## JURISDICTION AND VENUE

4.01    This Court has jurisdiction over the subject matter of this case because the amount in controversy is within this Court's jurisdictional requirements.

4.02    This Court has personal jurisdiction over the Defendant because at the time of the events and conditions giving rise to this lawsuit and/or at the time this lawsuit was filed the Defendant was a resident of Texas and/or was organized under the laws of Texas and/or maintained a certificate of authority from the Texas Secretary of State to conduct business in Texas and/or maintained a principal place of business in Texas and/or maintained a registered agent in Texas and/or was doing business in Texas and/or solicited business in Texas from Texas residents and/or marketed and advertised in Texas to Texas residents and/or contracted in Texas with Texas residents and/or committed torts in whole or in part in Texas and/or recruited Texas residents for employment and/or maintained continuous and systematic contacts with Texas and/or is generally present in Texas and/or otherwise has the requisite minimum contacts with

Electronically Filed
5/19/2022 12:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1860-22-B

Texas, have purposefully availed themselves of the privileges and protections of Texas law, and could reasonably expect to be sued in Texas.

4.03   Venue is proper in Hidalgo County, Texas, pursuant to Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Pharr, Hidalgo County, Texas.

V.

BACKGROUND FACTS

5.01   On or about April 23, 2022, Plaintiff was an invitee at Defendant LOWE'S HOME CENTER, LLC'S local "LOWE'S" located at 707 S. Jackson Rd., Pharr, Hidalgo County, Texas 78577.

5.02   Plaintiff was walking in the garden center where there was a lot of water on the ground. As a result, Plaintiff slipped and fell onto the ground on Defendant's premises. Plaintiff was injured because of the fall. As a result of the incident, Plaintiff sustained bodily injuries.

5.03   At the invitation of Defendant, Plaintiff entered upon Defendant's premises as an invitee to engage in the act of purchasing goods, foods, and/or services.

5.04   While Plaintiff was conducting business on Defendant's premises, she was injured because of a dangerous condition on Defendant's premises. The condition posed an unreasonable risk of harm to Plaintiff, was the result of the actions, behavior, conduct, and/or inactions on the part of Defendant's agents, employees, representatives, and/or servants, while in the course and scope of their respective employment and/or official duties with Defendant. These actions and/or inaction by Defendant amounted to negligence.

5.05   Nothing Plaintiff did or did not do contributed in any way to the incident.

Electronically Filed
5/19/2022 12:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1860-22-B**

## VI.

### PLAINTIFF'S FIRST CAUSE OF ACTION: NEGLIGENCE

6.01  Plaintiff hereby incorporates the allegations contained in paragraphs set forth above as if fully set forth herein.

6.02  Defendant's acts and omissions outlined herein constitute negligence.

6.03  Defendant owed a common law duty to exercise ordinary care in the operation of its business so as not to endanger the safety of others such as Plaintiff. Ordinary care is that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances.

6.04  Defendant by and through its agents and employees breached that duty by one or more of the following acts and omissions:

- A. Failing to maintain the floor and/or premises in a reasonably safe condition;
- B. Failing to give adequate and obvious warnings to Plaintiff of the unsafe condition of the floor of the business premises;
- C. Failing to discover dangerous conditions on the floor within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;
- D. Failing to inspect the floor for any unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;
- E. Failing to remove the unreasonably dangerous conditions from the floor prior to the Plaintiff and other customers entering the business premises: and,
- F. Failing to provide sufficient and adequately trained personnel to inspect, find, and remove, unreasonably dangerous conditions from the floor, prior to subjecting Plaintiff and other persons to enter the business premises or area.

6.05  As a direct and proximate cause of Defendant's negligent acts or omissions, Plaintiff has suffered damages as described hereafter.

Case 7:22-cv-00212 Document 1-5 Filed on 07/01/22 in TXSD Page 6 of 11

Electronically Filed
5/19/2022 12:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1860-22-B

VII.

PLAINTIFF'S SECOND CAUSE OF ACTION: PREMISES LIABILITY

7.01   Plaintiff hereby incorporates the allegations contained above as if fully set forth herein.

7.02   At all material times, Defendant. owned, possessed, operated and/or maintained the business premises "LOWE'S" located at 707 S. Jackson Rd., Pharr, Hidalgo County, Texas 78577. Furthermore, Defendant owed certain duties of care to Plaintiff and other business invitees.

7.03   Defendant breached its duty owed to Plaintiff and other invitees to exercise ordinary care by failing to adequately warn Plaintiff of the aforementioned dangerous condition at the premises "LOWE'S" located at 707 S. Jackson Rd, Pharr, Hidalgo County, Texas 78577, and to make the premises reasonably safe for Plaintiff, which includes the duty to inspect the premises and to discover any dangerous condition.

7.04   Defendant and/or its agents, and/or its servants, and/or its employees knew or should have known of any dangerous condition that created an unreasonable risk of harm to the Plaintiff and other business invitees.

7.05   Despite such knowledge, Defendant and/or its agents, and/or servants, and/or employees negligently failed to warn Plaintiff of the dangerous condition at the premises or to otherwise make the premises safe. This condition existed even though Defendant or Defendant's agents, and/or servants, and/ or employees knew or should have known of the existence and that there was likelihood of a person being injured.

7.06   At all material times, Defendant and its agents, employees, representatives, and/or servants, who were acting within the course and scope of their respective employment, breached

Case 7:22-cv-00212 Document 1-5 Filed on 07/01/22 in TXSD Page 7 of 11

Electronically Filed
5/19/2022 12:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1860-22-B

its duty in each of the following respects:

- A. Failing to maintain the floor and/or premises in a reasonably safe condition;
- B. Failing to give adequate and obvious warnings to Plaintiff of the unsafe condition of the floor of the business premises;
- C. Failing to discover the substance on the floor and/or condition of the floor within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;
- D. Failing to inspect the floor for any foreign substances and/or unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area; and
- E. Failing to remove the substance on the floor and/or condition on the floor for the Plaintiff and other customers entering the business premises.

7.07   At all material times, Plaintiff was an invitee on the premises at the time of her injuries and other damages. At the time of Plaintiff's injuries (1) the substance and/or condition on the premises created an unreasonable risk of harm to the Plaintiff; (2) the owner and/or possessor and/or operator knew or reasonably should have known of the substance on the floor; (3) owner and/or possessor and/or operator failed to exercise ordinary care to protect the invitee from danger; and (4) owner's and/or possessor's and/or operator's failure was a proximate cause of the injuries to the invitee.

7.08   At all material times, all the agents, employees, representatives, and/or servants, of Defendant who were connected with the incident, were acting within the course and scope of their respective employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of their respective agents, employees, representatives, and/or servants under the doctrine of *respondeat superior*.

Case 7:22-cv-00212 Document 1-5 Filed on 07/01/22 in TXSD Page 8 of 11

Electronically Filed
5/19/2022 12:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1860-22-B**

7.09  The Defendant's breach proximately caused the Plaintiff's injuries and damages as set forth below.

## VIII.

### EXEMPLARY DAMAGES/GROSS NEGLIGENCE

8.01  Plaintiff hereby incorporates the allegations contained above as if fully set forth herein.

8.02  Defendant's acts or omissions by and through their respective agents, employees, representatives, and/or servants, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of and others.

8.03  Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to her from Defendant.

## IX.

### INJURIES AND/OR DAMAGES SUSTAINED BY PLAINTIFF

9.01  As a direct and proximate cause of the incident, Plaintiff has incurred customary medical and doctor expenses in the past and will, in reasonable probability, continue to suffer as a result from her injuries.

9.02  By reason of the foregoing injuries and damages, Plaintiff seeks damages for the elements of damages listed below:

   a.   Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the past;

   b.   Reasonable medical and healthcare expenses for necessary medical and healthcare

Case 7:22-cv-00212   Document 1-5   Filed on 07/01/22 in TXSD   Page 9 of 11

Electronically Filed
5/19/2022 12:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1860-22-B

treatment in the future;

c. Pain and suffering in the past;

d. Pain and suffering in the future;

e. Mental anguish in the past;

f. Mental anguish in the future;

g. Physical disfigurement in the past; and

h. Physical disfigurement in the future.

X.

JURY DEMAND

10.01 Plaintiff hereby demands a TRIAL BY JURY in this cause.

XI.

MISNOMER/ALTER EGO

11.01 In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that a Trial by Jury (On the Merits) be scheduled, and at the conclusion of said Trial, judgment be entered in favor of Plaintiff and against Defendant for damages in an amount within the jurisdictional limits of the Court (in compliance with the monetary relief sought by Plaintiff); exemplary damages, excluding interest, and as allowed by Section 41.008, Chapter 41 of the Texas Civil Practice and Remedies Code; together with pre-

Electronically Filed
5/19/2022 12:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1860-22-B

judgment interest (180 days after Defendant receives written notice of Plaintiff's claims or from the date of the filing of this petition whichever is earlier, through to the date immediately preceding the date of the rendition of judgment in this cause) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

                      Respectfully submitted,

                      **TIJERINA LEGAL GROUP, P.C.**
                      1200 S. 2nd St., Suite 4A
                      McAllen, Texas 78501
                      Telephone No. (956) 777-7000
                      Facsimile No.  (956) 972-0144
                      E-Mail: TijerinaLit@tlegalgroup.com

BY: _____
HUMBERTO TIJERINA, III
State Bar No. 24028040
CESAR PALMA
State Bar No. 24094884
DEREK I. SALINAS
State Bar No. 24093098
GERARDO L. GARCIA, JR.
State Bar No. 24123059

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Humberto Tijerina on behalf of Derek Salinas
Bar No. 24093098
TijerinaLit@tlegalgroup.com
Envelope ID: 64667459
Status as of 5/19/2022 12:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Derek I.Salinas | | tijerinalit@tlegalgroup.com | 5/19/2022 12:48:20 PM | SENT |